WILLIAM P. THOMPSON *vs.* M. & M. BANK OF WHEELING *et al.*

August Term, 1869.

H. H., on the 25th of August, 1859, made his negotiable note payable to the order of W. H., at the Merchants' Bank of Baltimore, three months after date, for 1022 dollars and 73 cents, endorsed by W. H., C. and T., and it was discounted by the Merchants' and Mechanics' Bank of Wheeling; and not being paid, was protested for non payment. Afterwards 500 dollars were paid on it, and on the 30th of December, 1859, another note was made by H. H., and endorsed by the same parties, for the sum of · 543 dollars and 67 cents, and passed to the M. and M. Bank of Wheeling in satisfaction of the first note; and not being paid on maturity it was also protested for non payment. Afterwards, in October, 1860, T., who was an endorser of the first and second notes, and W. and T. who were not, executed their joint and several note to the M. and M. Bank for 571 dollars and 99 cents, which was discounted by said bank, and the second note paid out of the amount thereof, and the second note was delivered to T., who was an attorney at law, and who brought suit upon same and obtained judgment thereon in the county court of Marion county, against all the parties thereto, who made no defense, and the same was reported as a lien on the real estate of H. H., on a creditors' bill filed against his heirs, &c., and under a decree therein J. O. W. became the purchaser of said real estate, for a price sufficient to pay the lien of said judgment, as well as all other liens having priority thereto. Prior to said sale, said J. O. W. purchased the last named note of 571 dollars and 99 cents from the bank, and brought suit thereon in the name of the bank, for his use, and obtained a judgment thereon, in 1866, and sued out execution thereon, and Hoult, one of the defendants, gave a forthcoming bond; to the collection of which last named judgment T. obtained an injunction. It was proven in the cause that the money on the original note of 1022 dollars and 73 cents was obtained for the benefit of J. H. H., and that he had placed notes, endorsed to him by M. H., in the hands of T. for col-

*He had been engaged as counsel in the cause below.

lection, and that T. collected the same to an amount sufficient to satisfy said note of 1022 dollars and 73 cents. The injunction of T. was dissolved and the bill dismissed. HELD:

1. That T. having collected and received a sufficient amount of the money of J. H. H. to satisfy the note of 1022 dollars and 73 cents, prior to the time of the execution of the note of 571 dollars and 99 cents to the M. and M. Bank of Wheeling, that he is liable for the payment of the judgment on the note of 571 dollars and 99 cents.

2. That there is no error in the decree of the court below dissolving the injunction and dismissing the bill of T.

On the 25th day of August, 1859, Hiram Haymond made his negotiable note payable to the order of William Hood, at the Merchants' Bank of Baltimore, three months after date, for 1022 dollars and 73 cents, which was endorsed by Hood to Thomas F. Conaway, and by Conaway to William P. Thompson, and was endorsed by said Thompson and discounted by the Merchants' and Mechanics' Bank of Wheeling, and not being paid, was protested for non payment. Afterwards the sum of 500 dollars was paid on said note, and on the 30th day of December, 1859, another note was made, payable in sixty days from date, by said Hiram Haymond, and endorsed by the same parties, negotiable and payable to the order of said Hood at the Merchants' Bank of Baltimore, for the sum of 543 dollars and 67 cents, and passed to the Merchants' and Mechanics' Bank of Wheeling in satisfaction of the note first aforesaid. This last note not being paid at maturity, was likewise protested for non payment. On the 8th day of October, 1860, the said William P. Thompson, with Alpheus Hoult and Thomas G. Watson, executed their joint and several note to the Merchants' and Mechanics' Bank of Wheeling, for 571 dollars and 99 cents, payable four months after date, with interest from date, which was discounted by said bank of Wheeling, and the proceeds applied to the payment of the note of the 30th of December, 1859, for 543 dollars and 67 cents, and said last named note was delivered to William P. Thompson, who brought suit on the same against the said Hiram Haymond and all the endorsers, including himself, and ob-

tained judgment thereon against them at the February term, 1861, of the county court of Marion county. The obligors made no defense in said cause, none of them except Thompson knew that the same had been paid. Certain creditors of said Hiram Haymond, who was then deceased, obtained a decree against his heirs, &c., for the sale of his real estate to satisfy certain liens against the same, and among them the lien of the judgment last aforesaid. The real estate was purchased at the sale under said decree, by James O. Watson, for a sum sufficient to satisfy said last named judgment, and all liens having priority thereto, and the purchase money remained in the hands of said James O. Watson, subject to the order of the circuit court of Marion county.

James O. Watson purchased of the Merchants' and Mechanics Bank of Wheeling, the said note of Thompson, Thomas G. Watson, and Alpheus Hoult, for 571 dollars and 99 cents, and brought suit thereon in the name of the said bank, for his use, in the circuit court of Marion county, and obtained judgment against the obligors therein on the 27th day of December, 1866; and upon this judgment, said James O. Watson sued out execution thereon; to the collection of which, said Thompson, on the 10th day of April, 1867, obtained an injunction against said bank, James O. Watson the administrator of Thomas G. Watson, then deceased, Alpheus Hoult, William Hood, Thomas F. Conaway, and the administrator of Hiram Haymond, deceased, in which said Thompson alleges that the note for 571 dollars and 99 cents was given to said bank as collateral to secure the prompt and faithful collection of the draft for 543 dollars and 67 cents, which was delivered to said Thompson, then a practising attorney in Marion county, for collection, and upon which he had obtained judgment and issued execution, and one of the creditors, William Hood, had given a forthcoming bond, and that said judgment was a subsisting lien against the estate of the endorser Hiram Haymond, and that James O. Watson having purchased from the bank, and obtained judgment for his use on the note for 571 dol-

654 COURT OF APPEALS OF WEST VIRGINIA.

Aug. Term, Thompson vs. M. & M. Bank of Wheeling et al. 1869.

lars and 99 cents, and having purchased the real estate of said Hiram Haymond, under a decree in the chancery cause aforesaid, against which the judgment on the draft for 543 dollars and 67 cents was reported as a lien, he [Watson] standing in the shoes of said bank, ought to reimburse himself out of the proceeds of said sale.

The defendant James O. Watson filed his answer to said bill of injunction, and alleges that the note for 1022 dollars and 73 cents was for the benefit of one Jonathan H. Haymond, and that said Jonathan paid the 500 dollars so paid on said note, and procured the note of 543 dollars and 71 cents to be given in satisfaction of the residue thereof, as will appear by exhibit M, filed with his answer, and proven to have been executed by the said Hiram Haymond; and is in these words:

"Whereas, I, at one time, loaned my name to J. H. Haymond on a note for one thousand and twenty-two 75·100,—drawn at three months, payable at the Merchants bank of Baltimore, and which was discounted at the M. & M. bank of Wheeling; and whereas, J. H. Haymond afterwards paid off a portion of said note, and renewed as to the residue; and whereas said J. H. Haymond gave me a paper writing, acknowledging that I did not owe him anything, and that said note was merely for his accommodation, and binding himself to pay the same; and whereas, the note that was renewed has been long since due and protested; and whereas, W. P. Thompson, who was one of the endorsers of said note, has paid off the same, and is now the holder thereof; now, for the purpose of securing the said Thompson, I do hereby assign, and transfer to said Thompson, said paper writing of said J. H. Haymond, as collateral security, and do hereby authorize him to bring suit upon said paper writing, or accept a confession of judgment on said paper writing from said J. H. Haymond, for the amount of the note renewed, as aforesaid, and costs. This is not in any-wise to prejudice the rights of said Thompson against me, as endorser upon said note.      H. HAYMOND.

"December 1, 1860."

COURT OF APPEALS OF WEST VIRGINIA.  655

Aug. Term,    Thompson *vs.* M. & M. Bank of Wheeling *et al.*    1869.

James O. Watson also charges in his answer that said Jonathan H. Haymond sold to Marcus W. Haymond a tract of land in Marion county, for nearly 6,000 dollars, and that in part payment thereof, said Marcus endorsed and delivered to said Jonathan, a number of notes, &c., on other persons, amounting to two or three thousand dollars, and that said Jonathan delivered a large portion of said notes to said Thompson to collect and to apply to the payment of said bank debt of 1022 dollars and 75 cents, and that he did actually collect 1000 dollars on one of said notes, from one Gallahue, on or about August, 1860, and that subsequently he made further collections on said notes, and that at the time said Thompson delivered the note of 571 dollars and 99 cents to the bank and obtained from the bank said note for 543 dollars and 67 cents, he withheld from the bank the fact that the debt was in truth and in fact his own, or that he had received any part thereof, and had the same then secure in his own hands. And these allegations were proven by the testimony in the cause.

At the June term, 1867, the injunction was dissolved, and at the October term, 1867, a motion to reinstate the injunction was overruled and the plaintiff's bill dismissed, with costs.

The complainant, Thompson, appealed to this court.

*Edmiston* for the plaintiff in error.

*A. F. Haymond* for the defendants in error.

BERKSHIRE, J.   The material allegations in the complainant's bill, upon which he founds his claims to relief are, that he paid the 500 dollars to the bank at Wheeling on the original note for 1022 dollars and 73 cents, made by Hiram Haymond to William Hood, and endorsed by Hood, Conaway, and the appellant, to and discounted by said bank. That he made his own note for 571 dollars and 99 cents, with Thomas G. Watson and Alpheus Hoult as his securities, to the bank, as collateral security only for the faithful collection by him, as counsel for the bank, of the bill or

draft for 543 dollars and 67 cents, drawn and endorsed by the same parties to the original note, for the residue of said note, after applying the 500 dollars, paid as alleged, by the appellant, and that for this purpose only, the bill or draft was delivered to him by the bank and judgment obtained against all the parties to it, for the benefit of said bank, which judgment he claims is still unpaid, and was a subsisting lien on the real estate of Hiram Haymond, and ought to be paid out of the proceeds of the sale thereof, now in the hands, as he alleges, of the appellee James O. Watson.

These allegations are expressly denied by the appellees in their respective answers, and it therefore devolves on the appellant to sustain them by adequate proof. This he has not only failed to do, but they are explicitly disproved, and the answer of the appellee, Watson, in this respect, fully sustained by the evidence taken in the cause.

It appears that shortly after the appellant gave his own note to the bank for the amount of the bill or draft, he took from Hiram Haymond, a certain writing, drawn by the appellant himself, for, as therein alleged, his own protection and indemnity. This paper, called paper "M" in the record, distinctly recites that Jonathan H. Haymond, (for whose accommodation alone the original note was made and discounted), paid the 500 dollars to the bank on the original note, and that the appellant had paid off the bill or draft given for the residue of said note, and was then the holder of same. It also satisfactorily appears from the testimony on the record, that Jonathan H. Haymond, for the purpose of indemnifying the appellant on account of his liability as endorser on the original note and bill or draft, transferred and delivered to him certain obligations on John C. Gallahue and others, sufficient to cover his said liabilities, and that the appellant actually collected the money on these obligations (except a small amount which was afterwards collected) before he made and delivered his own note to the bank, for the amount of the said bill or draft.

And the recital in paper "M," as to the actual payment of the bill or draft to the bank by the appellant, is, I think,

fully corroborated by the testimony of Robert Crangle, then president of said bank. It is insisted however, that inasmuch as the judgment on the bill or draft was obtained without objection or defence, when the defendants had it in their power to defend themselves at law, by pleading and proving the payment so made to the bank by the appellant, the judgment constituted a valid and subsisting lien against the real estate of Hiram Haymond, and the proceeds thereof in the hands of the appellee Watson, and that the parties to the judgment are thereby precluded from making further resistance to its collection, or asking any relief against it in a court of equity. If this question was properly before this court, I think the suggestion might be sufficiently answered by replying that all the appellees who are parties to the bill or draft, aver in their answers that, at the time this judgment was obtained, they had no notice or knowledge that the bill or draft upon which it was founded, had in fact been paid off to the bank by the appellant, and that knowing they were each and all liable to the bank, they could make no defence against it, and their belief that the judgment would be paid by the appellant, who would not, as they believed, allow them to be put to inconvenience or trouble concerning it. But the question of enjoining or enforcing the collection of this judgment is not, as I conceive, now before us.

The appellant does not ask that the collection of this judgment be enjoined; but that Watson be enjoined from collecting the judgment against him and Hoult, founded on his own note delivered to the bank in payment of the bill or draft,—for the reason, that the amount of this judgment ought of right to be satisfied out of the estate of Hiram Haymond, and that it would be inequitable and oppressive to allow it to be collected off of him.

And it is further claimed, that under the state of facts disclosed in the record, a court of equity has no discretion to withhold its aid in granting the appellant relief in the premises. The proposition therefore is, in effect, advanced, that a court of conscience has, on the one hand, no power

to withhold its aid from a party who seeks to perpetrate a fraud on others, and on the other hand, is obliged to compel another party to do that which would be equally unjust and inequitable. If this were so, it would be denying to a court of equity one of its most essential prerogatives, and to disregard and set at naught one of the most cherished and pervading maxims of equity, that he who comes into court and asks equity, must himself be willing to do equity unto others.

I think the decree complained of is right, and ought to be affirmed, with costs and damages.

The President concurred.

DECREE AFFIRMED.